(7 Misc. Rep. 73.)

### WINCH v. ANDREWS.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

DISMISSAL OF COMPLAINT—WHEN ORDERED.

 In an action for commissions for selling corporate stock, part of which was owned by defendant and part by the corporation, plaintiff admitted, at the close of the case, that he had no right of action against defendant individually for commissions on the stock owned by the corporation, but he did not ask to amend his complaint. The court ruled, as a matter of law, that, if plaintiff was not employed by defendant to sell all the stock mentioned, he could not recover, and no objection was made to such ruling. *Held*, that a motion to dismiss the complaint should have been granted.

Appeal from trial term.

Action by Charles F. Winch against Wallace C. Andrews to recover commissions for the sale of stock alleged to have been made by plaintiff as broker for defendant. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

James W. Hawes, for appellant.
Frederick G. Gedney, for respondent.

BOOKSTAVER, J. This action was brought to recover commissions as broker upon the sale of 2,000 shares of the stock of the Standard Gaslight Company, 1,000 preferred and 1,000 common, to one B. T. Babbitt, under an alleged agreement with defendant that plaintiff should receive $5 for each share of the common and preferred stock sold by him, or through his instrumentality. The complaint further alleges that plaintiff was misled by certain false and fraudulent representations of the defendant, relying upon which he accepted $500 as his compensation in the matter. The action is brought against the defendant individually. The facts admitted and proven on the trial show that the preferred stock was the property of the gas company, of which defendant was president, and that the common stock belonged to him individually.

At the close of the case, it was admitted by plaintiff's counsel that plaintiff had no right of action against defendant, individually, for commissions on the sale of the preferred stock, as such stock was owned by the company, and not by the defendant, but neither at that time nor at any other did he move to amend his complaint. The court charged, at defendant's request, as follows: "If the jury find that plaintiff was not employed by defendant to

sell the 1,000 shares of preferred stock bought by Babbitt, but was employed to make said sale by the Standard Gaslight Company, and made sales on its account, then he cannot recover in this case, upon the cause of action set forth in the complaint herein, from the defendant, Andrews, any sum as a commission for the sale of the 1,000 shares of common stock owned by Andrews and bought by Babbitt,"—which was not objected to nor excepted to by plaintiff. Thus the law of this case, as so charged, was accepted by both parties. In view of the unqualified admission of plaintiff's counsel, and under such accepted statement of the law, and in view of the pleadings, the motion to dismiss made by defendant at the close of the case should have been granted; and therefore, as its denial was duly excepted to, the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.